**Flamur HOXHA, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–2137–ag.**

United States Court of Appeals, Second Circuit.

April 2, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Flamur Hoxha, a native and citizen of Albania, seeks review of an April 8, 2008 order of the BIA, affirming the June 8, 2006 decision of Immigration Judge ("IJ") Michael Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Flamur Hoxha,*

---

2. Although Hoxha is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

No. A79 429 727 (B.I.A. Apr. 8, 2008), *aff'g* No. A79 429 727 (Immig. Ct. Hartford, CT Jun. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

▮▮▮▮ We find no error in the IJ's determination that Hoxha failed to demonstrate past persecution on account of a protected ground. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). Even assuming that Hoxha's father, brother, and friend were killed on account of their democratic political beliefs, we have held that "an asylum applicant cannot claim past persecution based solely on the harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007) (citing *Melgar de Torres v. Reno*, 191 F.3d 307, 313 n. 2 (2d Cir.1999)); *Ivanishvili*, 433 F.3d at 340–41. Nor did the agency err in finding that the single police visit to Hoxha's home in 2000 does not rise to the level of persecution. *See, e.g., Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) ("[P]ersecution does not encompass mere harassment."). Because the agency reasonably concluded that Hoxha had not suffered past persecution, he was

not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).[3]

▮▮▮ Even if Hoxha had suffered past persecution as a member of the Democratic Party, the agency properly concluded that conditions in Albania have changed sufficiently such that his fear of persecution is no longer objectively well-founded. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir.2006). Specifically, Hoxha acknowledged that the Democratic Party has come to power since he left Albania. *See Hoxhallari*, 468 F.3d at 187. While Hoxha argues that the IJ failed to consider all of the country conditions evidence in the record, we have held that the agency need not enter specific findings where changed conditions evidently prevail in a country that is the subject of an "appreciable proportion of asylum claims" such as Albania. *Id.*

▮▮▮ Nor does Hoxha challenge the BIA's finding that he could safely relocate to another part of Albania. 8 C.F.R. § 1208.13(b)(2)(ii); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Indeed, Hoxha testified that he encountered no difficulties while living and working in his uncle's village in Albania for almost a year before leaving for the United States. Because substantial evidence supports the IJ's finding that country conditions in Albania have fundamentally changed, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), and that Hoxha could relocate within Albania, *see* 8 C.F.R. § 1208.13(b)(2)(ii), the IJ properly denied asylum.

▮▮▮ Because Hoxha was unable to show the objective likelihood of persecution needed to make out an asylum claim, he

---

**3.** For the same reason, the agency also properly found that Hoxha did not merit a grant of humanitarian asylum. *See* 8 C.F.R.

§ 1208.13(b)(1)(iii)(B); *cf. Jalloh v. Gonzales*, 498 F.3d 148, 152 (2d Cir.2007); *see also Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989).

was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief where those claims rested on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).